IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SADRAH ELI BONILLA VILLALOBOS, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. DLB-25-2719 |
| NIKITA BAKER, *et al.*, | * | |
| Defendants. | * | |

**ORDER**

Petitioner Sadrah Eli Bonilla Villalobos, a native and citizen of El Salvador, entered the United States without lawful authority, was granted withholding of removal because he feared torture if he were returned to El Salvador, and has been on release since July 18, 2022. On August 18, 2025, when Bonilla Villalobos appeared for a routine check-in at the Immigration and Customs Enforcement (ICE) Baltimore Field Office, his order of release was revoked, he was detained, and he was advised that ICE intends to remove him to Mexico. That same day, Bonilla Villalobos filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 against ICE Field Office Director Nikita Baker, ICE Acting Director Todd Lyons, Secretary of Homeland Security Kristi Noem, and Attorney General Pamela Bondi.

In his petition, Bonilla Villalobos asserts four claims: (1) his detention violates 8 U.S.C. §1231(a)(6); (2) his detention violates the Fifth Amendment's Due Process Clause; (3) removing him without following the procedures in the federal regulations violates his procedural due process rights; and (4) his arrest and detention violate 8 C.F.R. § 241.4*(l)*. ECF 1, ¶¶ 34–47. The respondents moved to dismiss the petition. ECF 9. Bonilla Villalobos opposed the motion. ECF 10. The Court held two hearings, including an evidentiary hearing on October 8, 2025, and the

parties submitted additional documentary evidence, ECF 14; ECF 15; ECF 16. After the last hearing, the parties submitted additional information and briefing about claim 4, the alleged violation of 8 C.F.R. § 241.4*(l)*. ECF 24; ECF 26; ECF 27; ECF 28; ECF 30. The respondents' motion to dismiss the petition is GRANTED.

Claims 1 and 2—that Bonilla Villalobos's continued detention violates 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001)—are DISMISSED for the reasons stated on the record during the October 8 hearing. Bonilla Villalobos did not object to the dismissal of these claims during the hearing, but in his latest submission, ECF 30, he suggests the claims may be viable for new reasons. If new grounds for a due process challenge arise, Bonilla Villalobos may file another petition.

Claim 3—that removal without proper procedures violates due process—is DISMISSED because the claim will be decided in the pending class action in the District of Massachusetts and Bonilla Villobos is a member of the certified class in that case. *See D.V.D. v. U.S. Dep't of Homeland Sec.*, 778 F. Supp. 3d 355, 378, 386 (D. Mass. 2025) (certifying class of non-citizens subject to a final notice of removal and who DHS "has deported or will deport on or after February 18, 2025, to a country (a) not previously designated as the country or alternative country of removal, and (b) not identified in writing in the prior proceedings as a country to which the individual would be removed.").

Claim 4—that Bonilla Villalobos's arrest and detention violate 8 C.F.R. § 241.4*(l)*—is DISMISSED because, as Bonilla Villalobos concedes, the claim is moot.

All claims are DISMISSED WITHOUT PREJUDICE.

The Clerk shall close this case.

October 11, 2025
 Date

_____
Deborah L. Boardman
United States District Judge